### BACHNER v. EICKHOFF & CO., Inc.

### In re FAIRDEAL ENTERPRISES, Inc.

### E85–350.

District Court, S. D. New York.
March 29, 1939.

Joseph B. Kaufman, of New York City, for plaintiff.

John J. Tullman, of New York City, for defendant.

BYERS, District Judge.

At the close of this trial but before the case was submitted to the jury, the plaintiff moved for a directed verdict, and the defendant for dismissal of the complaint. Decision as to both motions was reserved, and the case was submitted to the jury, subject to that reservation.

The plaintiff has now moved to set aside the verdict, which was rendered for the defendant, and for judgment in his favor pursuant to his motion for a direct-

ed verdict. It is believed that the court is in possession of the power, under Rule 50 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to grant that motion.

█ When the plaintiff moved for a directed verdict, the court was in doubt as to whether knowledge of the defendant's attorney would be attributed to it for the purposes of this action; since an opportunity has now been had to look into this aspect of the case, it appears that there is clear authority for the view that knowledge of the attorney was knowledge of the defendant. See Rogers v. Palmer, 102 U.S. 263, 26 L.Ed. 164; In re Pease, D.C., 129 F. 446; In re Dunavant, D.C., 96 F. 542, at page 549.

The evidence establishes reasonable cause to believe on the part of this defendant's attorney—so acquired during the course of negotiations which he had with the bankrupt's attorney during April and May, 1936, and otherwise—that the bankrupt was insolvent as of April 29, 1936, and that some general creditors were not to be paid; i. e., that this defendant was receiving a greater percentage of its debt, than other general creditors.

The reluctant testimony of Timen made that clear. The circuitous method ultimately adopted to secure payment was consistent with such an understanding on the part of the defendant's attorney.

There is nothing in the argument that the defendant was a secured creditor on June 9, 1936.

█ The testimony of defendant's president, Roffman, is clearly to the effect that his contract was completed on January 20th, and that the additional work which he did at the insistence of the proprietor of the theater had no relation to the original undertaking, but was in the nature of a present that he made to a new customer in order to gain his favor. The time within which a mechanic's lien could have been filed under the original contract expired on May 20, 1936.

Nor is there anything to the point that the bankrupt's estate was not diminished by the amount paid by a third party to the defendant. Mere adroitness of technique should not be permitted to obscure the real facts, and the legal effect of that which took place was that the bankrupt's assets were diminished by the amount collected by the defendant under the circumstances shown in the record.

Thus a voidable preference under Section 60 of the Bankruptcy Act, 11 U.S.C. A. § 96, was created, which the plaintiff has the right and duty to seek to set aside.

It is unnecessary to speculate upon the reasons that may have motivated the jury, because the verdict is so clearly disdainful of the evidence that it should not be permitted to stand.

The verdict will be set aside, and the plaintiff's motion for a directed verdict will be granted, and the defendant's motion to dismiss will be denied.

Settle order.